1  KATHLEEN A. KENEALY, State Bar No. 212289
   Acting Attorney General of California
2  TAMAR PACHTER, State Bar No. 146083
   Supervising Deputy Attorney General
3  ALEXANDRA ROBERT GORDON, State Bar No. 207650
   Deputy Attorney General
4   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
5   Telephone:  (415) 703-5509
    Fax:  (415) 703-5480
6   E-mail:  Alexandra.RobertGordon@doj.ca.gov
   *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **TIMOTHY J. DESMOND,**<br><br>Plaintiff,<br><br>v.<br><br>**KAMALA HARRIS, in her Official Capacity as Attorney General of the State of California, et al.**<br><br>Defendants. | 1:16-cv-01206-DAD-BAM<br><br>**DEFENDANTS' ANSWER**<br><br>Courtroom:  5, 7th Floor<br>Judge:  Hon. Dale A. Drozd<br>Action Filed:  August 15, 2016 |

1

Defendants Acting Attorney General Kathleen A. Kenealy, in her official capacity,[1] Secretary of Food and Agriculture Karen Ross, in her official capacity, Branch Chief of the Fairs and Expositions Branch John Quiroz, in his official capacity, and Chief Executive Officer of the 21st District Agricultural Association John Alkire, in his official capacity (collectively, "Defendants") submit this Answer in response to Plaintiff Timothy J. Desmond's Complaint. Defendants answer, in paragraphs that correspond to the Complaint's paragraphs, as follows:

1. To the extent that the allegations contained in paragraph 1 are Plaintiff's characterization of his case and conclusions of law, no answer is required.  To the extent they may be deemed allegations of fact, Defendants deny the allegations of paragraph 1.

2. Defendants admit the allegations in paragraph 2.

3. To the extent that the allegations contained in paragraph 3 are Plaintiff's characterization of his case and conclusions of law, no answer is required.  To the extent they may be deemed allegations of fact, Defendants deny the allegations of paragraph 3.

4. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4, and on that basis deny the allegations of paragraph 4.

5. Defendants admit that until January 3, 2017, Defendant Kamala Harris was the Attorney General of California.  To the extent that the allegations contained in paragraph 5 are Plaintiff's characterization of his case and conclusions of law, no answer is required.  Except as specifically admitted, Defendants deny the allegations of paragraph 5.

6. Defendants admit that Defendant Karen Ross is the Secretary of the California Department of Food and Agriculture (the "Department").  Defendants admit that the Fairs and Expositions is a Branch within the Department's Division of Marketing Services.  To the extent that the allegations contained in paragraph 6 are Plaintiff's characterization of his case and conclusions of law, no answer is required.  Except as specifically admitted, Defendants deny the allegations of paragraph 6.

---

[1] Former Attorney General Kamala D. Harris resigned on January 3, 2017, and by operation of law has been succeeded by Acting Attorney General Kathleen A. Kenealy.  Cal. Gov't Code § 1775.

7. Defendants admit that Defendant John Quiroz is the Branch Chief of the Fairs and Expositions Branch. To the extent that the allegations contained in paragraph 7 are Plaintiff's characterization of his case and conclusions of law, no answer is required. Except as specifically admitted, Defendants deny the allegations of paragraph 7.

8. Defendants admit that Defendant John Alkire is the Chief Executive Officer of the 21st District Agricultural Association ("21st DAA") and that the 21st DAA is an entity within the Fairs and Expositions Branch of the Department. Defendants admit that the 21st DAA oversees the operation of the Big Fresno Fair. To the extent that the allegations contained in paragraph 8 are Plaintiff's characterization of his case and conclusions of law, no answer is required. Except as specifically admitted, Defendants deny the allegations of paragraph 8.

9. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9, and on that basis deny the allegations in paragraph 9.

10. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10, and on that basis deny the allegations in paragraph 10.

11. Defendants admit that the Big Fresno Fair is a fair that is operated by the 21st DAA under the authority of the Fairs and Expositions Branch of the Department. Defendants admit that the Big Fresno Fair is held in the County of Fresno. With respect to the remainder of the allegations contained in paragraph 11, Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis deny the allegations in paragraph 11. Except as specifically admitted, Defendants deny the allegations of paragraph 11.

12. Defendants admit that artwork has been displayed at the Big Fresno Fair. Except as specifically admitted, Defendants deny the allegations of paragraph 12.

13. To the extent that the allegations contained in paragraph 13 are Plaintiff's characterization of his case and conclusions of law, no answer is required. To the extent they may be deemed allegations of fact, Defendants deny the allegations of paragraph 13.

14. Defendants admit that Plaintiff submitted a painting entitled *The Attack* to the 2015 Big Fresno Fair. Except as specifically admitted, Defendants deny the allegations of paragraph 14.

15. Defendants admit that California Government Code section 8195 speaks for itself. Except as specifically admitted, Defendants deny the allegations of paragraph 15.

16. To the extent that the allegations contained in paragraph 16 are Plaintiff's characterization of his case and conclusions of law, no answer is required.  To the extent they may be deemed allegations of fact, Defendants deny the allegations of paragraph 16.

17. Defendants deny the allegations in paragraph 17.

18. To the extent that the allegations contained in paragraph 18 are Plaintiff's characterization of his case and conclusions of law, no answer is required.  To the extent they may be deemed allegations of fact, Defendants deny the allegations of paragraph 18.

19. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19, and on that basis deny the allegations of paragraph 19.

20. Defendants admit that they contacted legal counsel during the course of the Big Fresno Fair.  Defendants deny the remainder of the allegations in paragraph 20.  Except as specifically admitted, Defendants deny the allegations of paragraph 20.

21. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21, and on that basis deny the allegations of paragraph 21.

22. Defendants admit that Plaintiff did submit his painting entitled, *The Attack*, to the 2016 Big Fresno Fair and is was displayed and judged therein.  Except as specifically admitted, Defendants deny the allegations of paragraph 22.

23. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23, and on that basis deny the allegations of paragraph 23.

24. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24, and on that basis deny the allegations of paragraph 24.

25. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25, and on that basis deny the allegations of paragraph 25.

26. To the extent that the allegations contained in paragraph 26 are Plaintiff's characterization of his case and conclusions of law, no answer is required.  To the extent they may be deemed allegations of fact, Defendants deny the allegations of paragraph 26.

27. To the extent that the allegations contained in paragraph 27 are Plaintiff's characterization of his case and conclusions of law, no answer is required.  To the extent they may be deemed allegations of fact, Defendants deny the allegations of paragraph 27.

28. Defendants deny the allegations in paragraph 28.

29. Defendants deny the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30.

31. To the extent that the allegations contained in paragraph 31 are Plaintiff's characterization of his case and conclusions of law, no answer is required.  To the extent they may be deemed allegations of fact, Defendants deny the allegations of paragraph 31.

In addition, without admitting any allegations contained in the Complaint, Defendants assert the following defenses based on information and belief:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint, and the claims for relief alleged therein, fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint, and each cause of action therein, are barred because they are moot.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims in this action are barred in that he does not have standing to bring them.

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint, and each cause of action therein, is improper as Plaintiff has an adequate remedy at law.

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint, and every cause of action therein, is barred by the equitable doctrines of estoppel, laches, unclean hands, and/or waiver.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants have not knowingly or intentionally waived any applicable affirmative defense. Defendants reserve the right to assert and rely upon other such defenses as may become available or apparent during discovery proceedings or as may be raised or asserted by others in this case,

and to amend their answer and/or affirmative defenses accordingly.  Defendants further reserve the right to amend their answer to delete affirmative defenses that they determine are not applicable after subsequent discovery.

WHEREFORE, Defendants pray that:

1. Plaintiff take nothing by reason of the Complaint;
2. Judgment be entered in favor of Defendants;
3. Defendants be awarded their costs incurred in defending this action; and
4. Defendants be awarded such further relief that the Court may deem just and proper.

Dated:  January 9, 2017

Respectfully submitted,

KATHLEEN A. KENEALY
Acting Attorney General of California
TAMAR PACHTER
Supervising Deputy Attorney General

*/s/ Alexandra Robert Gordon*
ALEXANDRA ROBERT GORDON
Deputy Attorney General
*Attorneys for Defendants*